**Opinion filed August 31, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00005-CR

_____

### WILLIAM ROGER GAGNON, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16966B**

## M E M O R A N D U M   O P I N I O N

William Roger Gagnon appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. He contends in a single issue that the trial court committed reversible error by denying his motion to suppress based on alleged violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, section 9 of the Texas Constitution; and Article 38.23 of the Texas Code of Criminal Procedure, TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2005). We affirm.

The body of the deceased victim, Albert Cadena, was discovered on the morning of May 26, 2008, in an alleyway in Abilene. Gagnon had been arrested at approximately 2:00 a.m. on that same morning. At about 4:00 p.m. on that date, investigators had him brought from the jail to the Taylor County Law Enforcement Center, where an interview was conducted and recorded on video. Two days later, investigators conducted a second interview, which was also recorded on video.

Gagnon testified at the hearing on the motion to suppress that, for six months, he had been taking Valium and using heroin, alcohol, and cocaine. He insisted he had not been sleeping, but staying up on those drugs. He indicated that he remembered talking to Detective Ford but could not remember what they talked about. He stated that his head was very "clouded up" and that he did not finally come to his senses for about two weeks because of the effect of heroin.

Willie Ford testified that he is a criminal investigator with the Abilene Police Department. He said that Gagnon volunteered to talk to him and that he read Gagnon his *Miranda*[1] rights. He indicated that Gagnon told him he understood those rights. He stated that Gagnon at no time told him he did not understand what was going on and never told him that he was intoxicated and could not talk to him or that he was doing this involuntarily. Detective Ford testified that the interview with Gagnon lasted close to two hours. He said that, when Gagnon asked for water, he went and got Gagnon water. He related that, when Gagnon asked to use a telephone, he was allowed to use a telephone.

Detective Ford gave very similar testimony concerning a second interview that was conducted two days after the first one. He said Gagnon never told him he had been on drugs and could not do the interview. He stated that, other than scratches on Gagnon's face, he saw nothing unusual about Gagnon's demeanor as far as his competency or coherence.

The trial court is the sole factfinder at a suppression hearing, and it may believe or disbelieve all or any part of a witness's testimony. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). At a suppression hearing, the trial court, like any factfinder, may make reasonable inferences from the evidence presented. *Id.* The trial court's ruling on a motion to suppress, like any ruling on the admission of evidence, is subject to review on appeal for abuse of discretion. *Id.* We are to uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* at 878-79.

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

The trial court's findings of fact were completely consistent with the testimony of Detective Ford. Based upon those findings of fact, the trial court found that Gagnon knowingly and voluntarily waived his *Miranda* rights prior to and during both interviews and knowingly and voluntarily waived his rights under the Texas and United States Constitutions during both interviews. The trial court also found that both videotaped statements Gagnon gave to the police were knowing and voluntary. Because the findings of fact are reasonably supported by the testimony of Detective Ford and because the conclusions of law are reasonably supported by the findings of fact, we hold that the trial court did not abuse its discretion by denying Gagnon's motion to suppress.

Gagnon's contention is that the combination of alcohol and drugs he had been taking combined to cause both of his statements to police to be involuntary. He cites the detailed testimony he gave in support of his position. In the findings and conclusions regarding Gagnon's statements, the trial court made the following findings, among others:

4. During the interview, Appellant appeared calm, coherent, and sober to the investigator. Also Appellant's eyes appeared normal to the investigator.

5. During the interview, Appellant never told the investigator that he did not understand what was going on. Also, Appellant never told the investigator that he was intoxicated and couldn't talk.

8. During the interview, Appellant was coherent; and, he cooperated with the investigator.

11. . . . . Appellant . . . did not appear intoxicated to the investigator. Appellant did not tell the investigator that he was intoxicated or that he had been on drugs.

12. During the May 28 interview, Appellant appeared coherent to the investigator. Also, Appellant was able to answer the investigator's questions intelligently.

14. During the May 28 interview, Appellant did not appear sleepy to the investigator.

18. Appellant knowingly and voluntarily waived his *Miranda* rights prior to and during both interviews.

These findings are reasonably supported by the evidence and, in turn, reasonably support the trial court's conclusion that both of Gagnon's statements were knowing and voluntary. We overrule Gagnon's sole issue.

3

The judgment is affirmed.

PER CURIAM

August 31, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.